ALEXANDER GOTTDIENER ET ALS., PLAINTIFFS-RESPON-
DENTS, v. ALFRED J. LUCIANO ET ALS.,
DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued May 4, 1982—Decided May 17, 1982.

Before Judges ANTELL and FURMAN.

*Donald R. Kaplan* argued the cause for appellant (*Wiley, Malehorn & Sirota,* attorneys; *Robert Goldsmith,* of counsel; *Donald R. Kaplan,* on the brief).

*Ernest Prupis* argued the cause for respondent (*Weltchek, Prupis & Ritz*, attorneys).

PER CURIAM.

At issue on this appeal is whether the judge below erred in allowing interest on a judgment only at the rate fixed by *R.* 4:42–11(a) and in denying the judgment creditor's application for the award of interest on the judgment at the considerably higher mean prime lending rate during the two year and three-month period of appellate review.

*R.* 4:42–11(a) provides as follows:

Judgments, awards and orders for the payment of money and taxed costs shall bear simple interest on the amount of the award at 12% per annum from the date of entry, except as otherwise ordered by the court and except as may be otherwise provided by law.

By amendment to the rule effective September 1981, the rate of interest on judgments had been raised from 8% to 12%.

Defendants urge their equitable entitlement to interest on the $565,115.73 judgment in their favor at the mean rate of interest prevailing in commercial transactions during this two-year and three-month period because they were deprived of the use of the money by plaintiffs, who were, thus, unjustly enriched.

In rejecting defendant's claim the judge below noted no special equities favoring defendants over other judgment creditors. We agree. The court should not exercise its discretion to increase the rate of interest on a judgment above the rate fixed in *R.* 4:42–11(a) solely because the mean prime lending rate subsequent to the entry of judgment would have provided a higher return than the rate fixed in the rule. We point out specifically that plaintiffs partially prevailed on their appeal and that, at the time of entry of judgment, the rate of interest fixed in *R.* 4:42–11(a) approximated the prime lending rate; thus, we reject defendant's contention that plaintiffs were motivated to appeal in order to benefit from a favorable interest rate on judgments during the pendency of the appeal.

We affirm.